**PUBLIC SERVICE COMMISSION OF the STATE OF NEW YORK, Petitioner,**

v.

**FEDERAL POWER COMMISSION, Respondent,**

**Columbia LNG Corporation et al., Intervenors.**

**No. 74–1240.**

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 30, 1975.

Decided Aug. 27, 1976.

Michael H. Rosenbloom, Washington, D. C., with whom Peter H. Schiff, Gen. Counsel, Public Service Commission of State of N. Y., Albany, N. Y., and Richard A. Solomon, Washington, D. C., were on brief for petitioner.

\* Sitting by designation pursuant to 28 U.S.C. § 294(d).

Richard A. Oliver, Atty., F. P. C., Washington, D. C., with whom Drexel D. Journey, Gen. Counsel and John R. Staffier, Atty., F. P. C., Washington, D. C., were on brief for respondent.

John F. Sisson, Wilmington, Del., with whom Richard A. Rosan, Wilmington, Del., was on the brief for intervenor Columbia LNG Corp.

Thomas G. Johnson, William G. Riddoch and William A. Wood, Jr., Houston, Tex., were on the brief for intervenor Shell Oil Co.

Martin N. Erck, Houston, Tex., was on the brief for intervenor Exxon Corp. John H. Cooper, Jr., Houston, Tex., entered an appearance for intervenor Exxon Corp.

John L. Williford and Larry Pain, Bartlesville, Okl., were on the brief for intervenor Phillips Petroleum Co.

Kirk W. Weinert, C. Fielding Early, Jr., and Roger L. Brandt, Houston, Tex., were on the brief for intervenor Texaco Inc.

Before BAZELON, Chief Judge, HASTIE,\* Senior Circuit Judge for the Third Circuit and ROBB, Circuit Judge.

PER CURIAM.

This is a petition for review of orders of the Federal Power Commission permitting withdrawal of an application for a certificate of public convenience and necessity to transport synthetic gas. The initial application was filed by Columbia LNG Corporation. Its withdrawal is opposed by the Public Service Commission of the State of New York, petitioner here, intervenor before the Federal Power Commission (FPC).

Columbia LNG Corporation (Columbia) is a wholly-owned subsidiary of Columbia Gas System, Inc., one of the major distributors of natural gas in the United States. In 1971 Columbia filed with the FPC an application for a certificate of public convenience and necessity to transport and sell

Senior Circuit Judge Hastie participated in the consideration of this case but died before the opinion was entered.

250,000 Mcf (thousand cubic feet) of synthetic gas per day. The application was filed pursuant to section 7(c) of the Natural Gas Act, 15 U.S.C. § 717f(c). The gas was to be produced from liquid hydrocarbon feedstocks at Columbia's plant at Green Springs, Ohio and sold to Columbia Gas Transmission Co., Inc., another Columbia Gas System subsidiary. The liquid hydrocarbon feedstock consisting principally of ethane, propane, butane and pentane, and derived in part from a raw gas stream, was to be transported to Green Springs from Canada in a liquid hydrocarbon pipeline. The liquids would be processed into synthetic gas and delivered to the Transmission Company in that form.[1]

Formal hearings on Columbia's application began in late 1971. In December 1972, prior to a decision on Columbia's application, the Commission issued its Opinion No. 637 in *Algonquin SNG, Inc.*, 48 F.P.C. 1216 (1972). In that opinion the FPC held that the transportation and sale of synthetic gas produced from naphtha, another petroleum derivative, were not subject to the Commission's jurisdiction. Citing the *Algonquin SNG, Inc.* opinion Columbia immediately filed with the FPC a "Notice of Withdrawal" of its application for certification. The Commission, noting the differences between the feedstocks used by Algonquin and by Columbia, ordered an Administrative Law Judge (ALJ) to consider whether the *Algonquin* opinion controlled in the case of liquid hydrocarbons.

On July 20, 1973 the ALJ issued his Initial Decision holding that the Commission had no jurisdiction over the transportation and sale of Columbia's synthetic gas. The ALJ relied on the FPC's decision in *Algonquin SNG, Inc., supra*, and the definition of "natural gas" contained in section 2(5) of the Natural Gas Act, 15 U.S.C. § 717a(5). The Commission affirmed and adopted the ALJ's decision in its Opinion No. 669, *Columbia LNG Corporation*, 50 F.P.C. 1252 (1973). A petition for rehearing filed by intervenor Public Service Commission of New York was rejected. 50 F.P.C. 1943 (1973). This petition for review filed by the Public Service Commission followed.

We think this court's recent opinion in *Henry v. F. P. C.*, 168 U.S.App.D.C. 137, 513 F.2d 395 (1975) disposes of all the issues raised by petitioners save one. In that case certain petitioners argued that the Commission should assume jurisdiction over the production, transportation and sale of unmixed synthetic gas produced from coal. We held that such gas was artificial and therefore not "natural gas" as defined by section 2(5) of the Natural Gas Act.

Section 1(b) of the Natural Gas Act, 15 U.S.C. § 717(b), states the scope of the jurisdiction of the Federal Power Commission:

> (b) The provisions of this chapter shall apply to the transportation of natural gas in interstate commerce, to the sale in interstate commerce of natural gas for resale for ultimate public consumption for domestic, commercial, industrial, or any other use, and to natural-gas companies engaged in such transportation or sale, but shall not apply to any other transportation or sale of natural gas or to the local distribution of natural gas or to the facilities used for such distribution or to the production or gathering of natural gas.

Section 2(5) defines "natural gas" as "either natural gas unmixed, or any mixture of natural and artificial gas." In *Henry v. F. P. C., supra*, we read these words in their ordinarily understood sense and concluded that if the gas in question had been "manufactured," it was obviously synthetic or artificial in origin and implicitly excluded from the coverage of the Act. 168 U.S. App.D.C. at 141–42, 513 F.2d at 399–400. We referred to a number of statements in

---

1. By a stipulation of facts agreed to by all parties, Columbia later "restructured" its proposal in certain respects. Under the restructured plan the liquid hydrocarbon feedstock would be obtained from both Canadian and domestic sources. The feedstock would also contain naphtha and would be delivered to Green Springs via common carrier liquid hydrocarbon pipelines. It is this "restructured" project that was considered by the Administrative Law Judge and the Commission in deciding the jurisdictional question.

the legislative history of the Act which indicate that Congress had the opportunity to include synthetic gas in the jurisdiction of the FPC but consciously chose not to do so. We rejected arguments that the Act's goal of comprehensive coverage would be frustrated and the protection of consumers neglected if the more recently developed artificial gases were excluded from FPC jurisdiction:

> The need for regulation cannot, of its own force, expand the reach of Commission jurisdiction. *FPC v. Louisiana Power & Light Co., supra,* 406 U.S. 621 at 635–36, 92 S.Ct. 1827, 32 L.Ed.2d 369. Where a claimed jurisdiction cannot be reconciled with the words of the statute as ordinarily used and as likely to have been understood by Congress
>
>> [w]e do not think a different result warranted or mandated on the ground that the purpose of the Act is to protect the ultimate beneficiaries against exploitation by natural gas companies. That was indeed the objective of Congress . . . The FPC is to be commended for attempting to further that objective, but it is not sufficient justification upon which to base an expansion of the Act to activities clearly not within its terms. Congress did not give the FPC carte blanche to take whatever action it might consider appropriate in furtherance of this purpose.

168 U.S.App.D.C. at 144, 513 F.2d at 402 quoting *Mobil Oil Corp. v. F. P. C.,* 149 U.S.App.D.C. 310, 317, 463 F.2d 256, 263 (1971), *cert. denied,* 406 U.S. 976, 92 S.Ct. 2409, 32 L.Ed.2d 676 (1972). [Footnotes omitted.]

In the light of *Henry v. F. P. C.* the only question remaining here is whether gas derived from the liquid hydrocarbon feedstocks is "artificial" or "manufactured" gas. We agree with the Commission that it is. In the first place, liquid hydrocarbon feed-

stock separated from the raw gas stream is not natural gas. In any event methane, the principal component of "natural gas" is not present until the feedstock liquids have undergone a complex chemical transformation. The product resulting from this molecular rearrangement is manufactured gas. As the Commission stated in *Algonquin SNG Inc.,* 48 FPC 1216 (1972) discussing the same issue and referring to gas synthesized from naphtha:

> the process of transforming naphtha into methane involves what is essentially a manufacturing process wherein the molecular structure of the components of the feedstock are rearranged and transformed. That which is produced by manufacture cannot, in our view, be equated with that which occurs naturally, particularly where the statute under which we operate establishes a clear demarcation between that which is jurisdictional and that which is not, with the line of demarcation being drawn between that which is natural and that which is artificial.

This is the rationale of this court's decision in *Henry v. F. P. C.,* i. e., that whether or not the gas is "manufactured" is the jurisdictional test. *See* 168 U.S.App.D.C. 141, n. 8, 143, n. 15, and accompanying text, 513 F.2d 399, 401.[2]

The orders of the Commission are affirmed and the petition for review is dismissed.

*So Ordered.*

---

**2.** Expansion of the Natural Gas Act to give the Federal Power Commission jurisdiction over the transportation and sale of synthetic gas is of course a matter for Congress. A bill, S. 2310, conferring that jurisdiction on the Commission passed the Senate October 22, 1975.

Another bill, H.R. 9646, dealing with the natural gas shortage but not referring to the regulation of synthetic gas passed the House February 5, 1976 in lieu of the Senate bill. The differences between S. 2310 and H.R. 9464 have not been resolved in conference.